CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

2/2/2026

LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 4:21-cr-00010 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| GLEN RAY DOWELL | ) | Chief United States District Judge |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a pro se letter motion from defendant Glen Ray Dowell, which has been docketed as a motion to serve the remainder of his sentence on home detention. (Dkt. No. 177.)  For the reasons set forth below, the court will deny his motion.

## I.  BACKGROUND

### A.  Procedural Background

Dowell is currently serving a 120-month prison sentence after pleading guilty to distributing five grams of more of methamphetamine under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), possessing with intent to distribute a measurable quantity of cocaine under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. §§ 924(c), 924(c)(1)(A).  (Dkt. No. 127.)  He was sentenced in May 2023, and his appeal from his conviction and sentence remains pending before the Fourth Circuit.[1]

While his appeal has been pending, Dowell has asked to reduce his sentence several times, under both 18 U.S.C. § 3582(c)(1)(A) on the basis of compassionate release, and under Amendment 821 to the U.S. Sentencing Guidelines.  The court has denied those requests.  (Dkt.

---

[1] The appellate court ordered supplemental briefing on the issue of whether 18 U.S.C. § 924(c) is consistent with the Second Amendment, after *United States v. Bruen*, 597 U.S. 1 (2022).  *See generally United States v. Dowell*, No. 23-4355 (4th Cir.)  The case has been fully briefed since May 5, 2025, but it has not been set for argument.  *Id.*

Nos. 159, 173.)  As relevant here, Dowell's compassionate-release motions were based, in part, on his mother's health, but also on his own medical conditions, which he claimed were "exacerbated by both prison conditions and specific instances of inadequate medical care."  (Feb. 27, 2025 Mem. Op. 2, Dkt. No. 173.)

Dowell is currently incarcerated at FCI McKean in Pennsylvania, with a projected release date in April 2030.[2]

## B.  Motion for Home Confinement

In his letter motion, Dowell explains that he wants to be home to help take care of his aging mother.  His 85-year-old mother, whose mental health is declining, currently lives with her 83-year-old boyfriend, a widower she met in church who Dowell describes as an "awesome person" and "good to [his] mother."  (Mot. 1, 6, Dkt. No. 177.)  Dowell asserts that his mother and her boyfriend have bought the mobile home next to them so that Dowell could live in it once he is released.  If he were released on home confinement for the remainder of his sentence, he would help take care of them both.  (Id. at 2.)

Dowell has a business plan, which he describes at some length in his letter.[3]  (Id. at 2–4.)  And he offers to be placed under severe restrictions on home confinement and offers to pledge the home he owns with his wife as "collateral."  (Id. at 4, 5–6.)  He begs the court to "give him a chance."  (Id. at 5.)  He also contends that the Bureau of Prisons "is full and is getting overpopulated by the day," (id. at 2), which the court interprets as another proffered reason to support placing him on home confinement.

---

[2]  https://www.bop.gov/inmateloc/ (search term "Glen Ray Dowell") (last visited Jan. 31, 2026).

[3]  Dowell intends to obtain a patent for a particular strain of marijuana and then open a marijuana dispensary that would be used to fund state-run halfway houses for released inmates.  He acknowledges that marijuana has not been "legalized" in the "federal legal system, but he asserts that it is now legalized in Virginia. (Mot. 2–4.)

## II.  ANALYSIS

### A.  Compassionate Release Under the First Step Act

To the extent that Dowell's motion could be deemed to be another motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), nothing in his letter changes the court's analysis from its February 27, 2025 opinion.  It is both understandable and laudable that Dowell wants to assist in his mother's care and to be with her as she ages.  But as the court noted in its earlier opinion, his mother's declining health—mental or physical—does not provide a basis for compassionate release, especially where she lives with someone else who helps to care for her.  (*See* Feb. 27, 2025 Mem. Op. 11–12, Dkt. No. 173.)  Moreover, Dowell has not alleged that there is no one else available to care for her.  In short, his allegations do not satisfy the circumstances set forth in U.S.S.G. § 1B1.13(b)(3)(C) constituting extraordinary and compelling circumstances, which are "the incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent."

Further, as the court previously explained, it would not reduce Dowell's sentence (including any alteration by converting the remaining portion of his term to home confinement) even if he could show extraordinary and compelling circumstances existed.  (Feb. 27, 2025 Mem. Op. 13–14.)  Thus, to the extent his latest letter could be construed as a new motion for compassionate release, the court concludes that the 18 U.S.C. § 3553(a) factors do not support his request.

### B.  Request for Home Confinement

To the extent that Dowell's request is made outside the context of compassionate release and is simply a request to serve the remainder of his sentence on home confinement, a letter motion with this court is not the appropriate vehicle for seeking that relief.  As other courts have explained, a federal prisoner must first seek that relief from the Bureau of Prisons and then, if

unsuccessful, file a petition for habeas corpus under 28 U.S.C. § 2241 in the appropriate federal court.[4]  *E.g.*, *United States v. Shackelford*, No. 7:20-CR00130-M-2, 2025 WL 1805261, at *2 (E.D.N.C. June 30, 2025) (noting that a similar request should have been brought by the petitioner as a § 2241 habeas petition in the district of her confinement and finding that she also was not entitled to relief under § 3582); *United States v. Broadway*, No. 3:08-CR-00010-MR-2, 2018 WL 5817939, at *1 (W.D.N.C. Nov. 6, 2018) (explaining that a challenge to the BOP's denial of such a request should be brought in an petition for writ of habeas corpus under 28 U.S.C. § 2241, after first exhausting all remedies through the Bureau of Prisons) (citations omitted).

That is because the authority to make such placement decisions rests with the BOP; courts may not dictate where a particular inmate will be housed.  *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 251 (3d Cir. 2005) (noting, in a pre-Second Chance Act case, that while the BOP must consider certain factors in determining re-entry placements, the BOP has discretion over that decision); *Stanley v. Whitehead*, No. CIV. A RWT-09-2848, 2010 WL 2011553, at *2 (D. Md. May 19, 2010) ("[T]he decision to place an inmate on home confinement is within the discretion of the BOP.") (citing 18 U.S.C. § 3624(c)); *Miller v. Lappin*, No. 7:09CV00012, 2009 WL 166873, at *2 (W.D. Va. Jan. 26, 2009) (denying request for mandamus and explaining that 18 U.S.C. § 3624(c), as amended by the Second Chance Act of 2007, "does not require the court or BOP officials to place Miller in community or home confinement for any portion of his sentence[; the] decision regarding such placement remains discretionary").

Relying on these principles, district courts within the Fourth Circuit have rejected requests similar to Dowell's.  *E.g.*, *Crum v. Young*, No. 5:20-cv-00658, 2021 WL 2843835, *6

---

[4]  Any § 2241 petition motion should be filed in the district court where a prisoner is confined.  For example, if Dowell filed a § 2241 while incarcerated at FCI McKean, he should file in the United States District Court for the Western District of Pennsylvania.

(S.D.W. Va. Jan. 27, 2021), *report and recommendation adopted*, 2021 WL 2434358 (S.D.W. Va. June 15, 2021) (J. Volk) ("[W]hile the First Step Act provides criteria for the BOP to consider when designating an inmate to a place of imprisonment, it also states unequivocally that the BOP's designation is not subject to judicial review."); *Mubang v. Warden, Hazelton Secure Female Facility*, No. 1:18CV181, 2020 WL 1902552, at *9 (N.D.W. Va. Jan. 22, 2020), *report and recommendation adopted,* No. 1:18-CV-181, 2020 WL 773440 (N.D.W. Va. Feb. 18, 2020) (noting, in the context of a 28 U.S.C. § 2241 motion, that the BOP's decision regarding placement, including whether to place an inmate on home confinement, is "not reviewable" by a court unless there is "clear evidence of unconstitutional conduct or evidence that the agency acted outside the scope of its authority"); *United States v. Smith*, No. 6:15-cr-00006-001, 2019 WL 4016211, *2 (W.D. Va. Aug. 26, 2019) ("While the Second Chance Act and the First Step Act expand the BOP's authority to place prisoners, they do not vest placement authority in this Court.") (internal citations omitted); *Wright v. Warden, FCI-Cumberland*, No. CIV.A. RDB-10-671, 2010 WL 1258181, at *1–*2 (D. Md. Mar. 24, 2010) (dismissing § 2241 where petitioner challenged BOP's refusal to place him in home confinement because he failed to exhaust his administrative remedies).  *See also Workman v. FCI Beckley Warden*, No. 5:24-CV-00556, 2026 WL 234511, at *7 (S.D.W. Va. Jan. 5, 2026) (collecting authority holding that the criteria used by the BOP to determine placement "are not subject to judicial review").

Dowell has not cited any cases to the contrary, nor has he provided any authority allowing the court to grant his request under the circumstances here.[5]  His motion will therefore be denied.

---

[5]  Because Dowell does not indicate that he has asked the Bureau of Prisons for a home-confinement placement and has not styled his letter as a § 2241 petition, the court declines to construe his letter motion as a § 2241 petition.

III.  CONCLUSION

For the reasons stated above, it is hereby ORDERED that Dowell's motion for home confinement (Dkt. No. 177) is DENIED.  The clerk is directed to provide a copy of this order to Dowell and to all counsel of record.

Entered: February 2, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge